UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1530-GW(AJWx) | Date | February 7, 2018 |
|---|---|---|---|
| Title | *Sepideh T. Saghizadeh v. CVS Pharmacy Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

     This lawsuit was removed to federal court on February 24, 2017, on the basis of alleged complete diversity. *See* Docket No. 1. On March 22, 2017, this Court issued an OSC regarding the deficiency of the averments as to diversity and ordered the parties to address the issue. *See* Docket No. 10. On March 24, 2017, the parties stipulated to a stay of the case because the underlying dispute had been submitted to binding arbitration, and the stay was granted. *See* Docket Nos. 11-12. On March 29, 2017, Defendants filed a response to the Court's OSC. *See* Docket No. 13. In an order filed in this action on May 4, 2017, the Court explained why defendants CVS Pharmacy, Inc. and CVS RX Services, Inc. ("Defendants") had thus far failed to successfully establish the existence of this Court's subject matter jurisdiction at the time of removal in this case, as required by such Ninth Circuit cases as *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2002), and *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). *See* Docket No. 14. The Court gave Defendants two options in response to that Order, one of which allowed them the opportunity to cite "controlling authority to support the proposition that a post-removal dismissal of a non-diverse defendant in a removal case establishes a basis for a federal court's subject matter jurisdiction," notwithstanding cases such as *Strotek* and *Miller*.

     Defendants responded by filing two briefs in which they cited three cases: 1) *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996), 2) *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), and 3) *Kakarala v. Wells Fargo Bank, NA*, 615 Fed. Appx. 424, 425 (9th Cir. Aug. 31, 2015). *See* Docket Nos. 15, 29. Despite being given the opportunity to do so, plaintiff Sepideh T. Saghizadeh did not file a brief on the topic.

     In the face of Ninth Circuit decisions such as *Strotek* and *Miller*, the Court does not find

                                                                                                             :

Initials of Preparer    JG

# REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1530-GW(AJWx) | Date | February 7, 2018 |
|---|---|---|---|
| Title | *Sepideh T. Saghizadeh v. CVS Pharmacy Inc., et al.* | | |

Defendants' responsive briefs sufficient to the task, for the following reasons. First, unlike in *Caterpillar*, no judgment has been entered in this action. Therefore, the rule – that "a district court's error in failing to remand a case improperly removed – is not fatal to the ensuing adjudication if federal jurisdictional requirements are met *at the time judgment is entered*," 519 U.S. at 64 (emphasis added), has no application here.

Second, *Grupo Dataflux* is *not* a removal case. *See* 541 U.S. at 568. Therefore, its rule that a lack of complete diversity at the time of filing a *non-removal case* may be cured by dismissal of nondiverse parties who are not indispensable likewise has no application here. In addition, its commentary on *Caterpillar*, *see id.* at 572-74, does not change the fact that, in *Caterpillar*, the action had actually proceeded to judgment.

Third, *Kakarala* is not a published opinion, and therefore is not binding precedent in this Circuit. *See* Ninth Cir. R. 36-3(a). Beyond that decision's status as non-precedential, it reflects a common trait amongst non-binding memoranda dispositions (and one which, even beyond the terms of Ninth Circuit Rule 36-3, counsels caution in relying on such rulings) – a less-than-complete discussion of key facts involved in the case (useful for, among other things, determining whether precedential decisions may be distinguished). For instance, while it observes "[t]hat a non-diverse defendant...was present at an earlier point in the litigation is irrelevant," 615 Fed. Appx. at 425, there is no mention of just *when* that non-diverse defendant "was present...in the litigation," *i.e.* whether it was still "present" at the time of removal. If that non-diverse defendant was not present at the time of removal, the case has no similarity to this action *in addition to* not serving as binding precedent.

For the foregoing reasons, and in accordance with the earlier orders issued in this case bearing on this jurisdictional inquiry, *see* Docket Nos. 10, 14, 16, the Court remands this action forthwith to the Superior Court for the State of California, County of Los Angeles.

Deputy Clerk _____

: 

Initials of Preparer JG